IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| REINKE MANUFACTURING CO., INC., a Nebraska Corporation, | ) ) ) | Civil Action No. 4:16-cv-03115 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **STIPULATED PROTECTIVE ORDER** |
| ELECSYS CORPORATION and AGJUNCTION f/k/a HEMISPHERE, a/k/a AGJUNCTION INC. f/k/a HEMISPHERE GPS INC., a/k/a AGJUNCTION LLC f/k/a HEMISPHERE GPS LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

THIS MATTER came on for consideration pursuant to the agreement of the parties, Reinke Manufacturing Co., Inc., Elecsys Corporation and AgJunction, herein as evidenced by the signatures of their respective counsel below, for entry of a protective order to preserve the confidentiality of certain documents, information, records, and material to be produced in this case.

Being fully advised on the premises and pursuant to Fed. R. Civ. P. 26(c), the Court hereby **ORDERS** that the following terms and procedures shall govern the handling of confidential, trade secret, and/or proprietary information produced by any party, third party, or witness in this action:

    1.    **"Confidential Information"** means any type of information, document or tangible object, including but not limited to electronic files, electronic mail, photographs, voicemails, videotape recordings, plans, drawings and designs, that is designated in good faith as confidential by the supplying party, whether it be a tangible thing, a document, information

706678

contained in a document, information revealed during a deposition or during an inspection of the facilities of the parties, or information revealed in an interrogatory answer or other discovery.

    2.    **"Qualified Person"** means:

        (a)    The Court, court personnel, jurors, and the attorneys and their law firms of record in this action and any associated counsel including associated outside and in-house counsel for each party or the partner of a party, and stenographic, clerical or paralegal employees of those attorneys and counsel to whom it is necessary that the information be disclosed for purposes of this action. Persons identified in this subparagraph (a) need not physically sign the Confidentiality Agreement, the general form of which is attached hereto as **Exhibit A** and incorporated by reference herein.

        (b)    Independent experts or consultants employed by a party or its attorneys of record in this action who agree in writing to be bound by the terms of this Protective Order. The independent expert or consultant must read this Protective Order and complete and sign the Confidentiality Agreement in the general form of **Exhibit A**, attached. Any such form signed by an expert or consultant shall be kept in the respective counsel's file until the time for disclosure of such experts and/or consultants, if applicable.

        (c)    Officers, directors, committee members, board members, and employees of the parties including, where applicable, those of the partners and partner entities comprising the parties designated specifically by each party in good faith as necessary to receive designated information and who agree,

     in writing, to be bound by the terms of this Protective Order.  The officers or employees must read this Protective Order and complete and sign the Confidentiality Agreement in the general form of **Exhibit A**, attached.

  (d) Any other person who is designated as a Qualified Person by Order of the Court, after notice to all parties, or who, by agreement of the parties, is designated as a Qualified Person.  Any person designated under this subparagraph must read this Protective Order and complete and sign the Confidentiality Agreement in the general form of **Exhibit A**, attached.

  3. Documents and things produced by any party or non-party which contain Confidential Information shall be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:  **CONFIDENTIAL**.  In the event a non-party produces information, any party may designate the information under the terms of this Protective Order within thirty (30) days of receipt of such information.  Only a Qualified Person under Paragraph 2 shall have access to documents or information designated as **CONFIDENTIAL**.

  4. Documents and things produced by any party or non-party which contain confidential and proprietary business information may be designated **"ATTORNEY EYES ONLY"** information.  Each page of the document or thing shall be marked substantially as follows:  **ATTORNEY EYES ONLY.**  Only Qualified Persons under Paragraph 2(a) and independent experts designated under Paragraph 2(b) to whom it is necessary that the information be disclosed for purposes of this action shall have access to information designated **ATTORNEY EYES ONLY**.

3

5. Testimony taken or information disclosed at a deposition may be designated as **CONFIDENTIAL** or **ATTORNEY EYES ONLY** by indicating on the record at the deposition or within fifteen (15) days from the receipt of the transcript, and the entire deposition shall be treated as Confidential until the fifteen (15) day period has lapsed. After the expiration of the fifteen (15) days, only those portions of the deposition transcript designated as containing **CONFIDENTIAL** or **ATTORNEY EYES ONLY** are subject to this Protective Order.

6. Any information designated as **CONFIDENTIAL** or **ATTORNEY EYES ONLY** shall not be disclosed by any party to this action to any persons or entities as except as provided herein or as provided upon further Order of this Court.

7. Any information designated as **CONFIDENTIAL** or **ATTORNEY EYES ONLY** shall not be used by the non-designating party or non-designating parties for any purpose other than in connection with this action.

8. A party designating information as **CONFIDENTIAL** or **ATTORNEY EYES ONLY** has the affirmative obligation to do so in the good-faith belief that such information is entitled to protection from disclosure.

9. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party objecting to the designation may seek appropriate relief from this Court. The party seeking to protect information shall have the burden of proving the appropriateness of the level of protection sought. All parties shall continue to treat any information designated as

**CONFIDENTIAL** or **ATTORNEY EYES ONLY** consistent with the terms of this Protective Order pending any motion to challenge such a designation and until such designation is altered or amended by Order of this Court or agreement of the parties.

10. Any documents or exhibits produced and any transcripts of depositions taken in any prior litigation that contain Confidential Information and are subject to protective orders in those cases shall be produced under, and made subject to, the protections provided in this Protective Order, only if such production is permitted under the terms of the applicable protective orders.

11. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as **CONFIDENTIAL** or **ATTORNEY EYES ONLY** consents, in writing, to the disclosure or, if the Court, after notice to all parties, orders such disclosure.

12. Discovery, testimony, exhibits and other material filed with the Court, including, *inter alia*, transcripts of depositions, exhibits, briefs, and memoranda, which comprise or contain **CONFIDENTIAL** or **ATTORNEY EYES ONLY** information, shall be filed and kept by the Court pursuant to NECivR 5.3(c) and NECivR 7.5. The information filed under seal shall include only those portions of the filing that are designated **CONFIDENTIAL** or **ATTORNEY EYES ONLY**. The remainder of the filing need not be filed under seal.

13. Not later than one hundred twenty (120) days after the conclusion of this action, including appeal, by entry of a final order, any originals or reproductions of any documents designated as **CONFIDENTIAL** or **ATTORNEY EYES ONLY** information shall be returned to the designating party or destroyed. The provisions of this Paragraph 13 do not apply to pleadings, deposition transcripts or exhibits. If the **CONFIDENTIAL** or **ATTORNEY EYES ONLY** information is destroyed rather than returned to the designated party, the non-designating

party must provide written confirmation of the destruction of the **CONFIDENTIAL** or **ATTORNEY EYES ONLY** information to the designating party.

14. The designation of any material in accordance with this Order as constituting or containing **CONFIDENTIAL** or **ATTORNEY EYES ONLY** information is intended to facilitate the preparation and trial of this action and to protect such information from being used outside of this litigation to the detriment of any of the parties. Treatment of such designated material by counsel of record for named parties in conformity with such designation shall not be an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

15. The inadvertent or unintended disclosure of **CONFIDENTIAL** or **ATTORNEY EYES ONLY** pursuant to discovery in this lawsuit shall not be a waiver of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents, provided that written notice of the claim of confidentiality is given to all counsel of record.

16. All documents, materials, information, exhibits, testimony, and anything else produced or exchanged in the course of the above-captioned litigation, and all copies thereof, shall be used solely for the purpose of the above-captioned litigation and for no other purpose whatsoever, and will be destroyed by the receiving parties upon the termination of the above-captioned litigation.

17. The parties agree to be bound by the terms of the Confidentiality Agreement set forth above regardless of whether, or when, the Court enters this Protective Order.

January 10, 2017. BY THE COURT:

_Cheryl R. Zwart_
Cheryl R. Zwart
United States Magistrate Judge

**Agreed to and submitted by:**

By: /s/ Bruce A. Smith
Paul M. Schudel, No. 13723
Todd W. Weidemann, No. 20505
Bruce A. Smith, No. 20162
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone: 402-898-7400
Facsimile: 402-898-7401
pschudel@woodsaitken.com
tweidemann@woodsaitken.com
bsmith@woodsaitken.com

7

**ELECSYS CORPORATION**, Defendant,

By: /s/ Marnie A. Jensen
Marnie A. Jensen     (NE 22380)
Kamron T. M. Hasan   (NE 25494)
HUSCH BLACKWELL, LLP
13330 California Street, Suite 200
Omaha, Nebraska  68154
(402) 964-5000 Telephone
(402) 964-5050 Facsimile
marnie.jensen@huschblackwell.com
kamron.hasan@huschblackwell.com


**AGJUNCTION F/K/A HEMISPHERE, A/K/A AGJUNCTION INC. F/K/A HEMISPHERE GPS INC., A/K/A AGJUNCTION LLC F/K/A HEMISPHERE GPS LLC,** Defendant,

By: /s/ Leslie S. Stryker
NOLAN, OLSON & STRYKER, P.C. L.L.O.
Two Old Mill, Suite 240
10855 West Dodge Road
Omaha, Nebraska  68154
(402) 932-5126
Brian D. Nolan, #17764
bnolan@nolanolson.com
Leslie S. Stryker, #25556
lstryker@nolanolson.com

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as **CONFIDENTIAL** and/or **ATTORNEY EYES ONLY** within the terms of the Protective Order entered in the action entitled, *Reinke Manufacturing Co., Inc. v. Elecsys Corporation et al.*, Civil Action No. 16-cv-03115, United States District Court for the District of Nebraska.

2. I have read the aforementioned Protective Order, and agree to be bound by it.

3. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Nebraska, for enforcement of the undertakings I have made.

4. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____       _____
                                            Signature
                                            _____
                                            Name
                                            _____
                                            Title
                                            _____
                                            Address
                                            _____
                                            Phone Number

9