IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| REINKE MANUFACTURING CO., INC., a Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 4:16CV3115 |
| v. | ) ) | |
| ELECSYS CORPORATION and AGJUNCTION f/k/a HEMISPHERE, a/k/a AGJUNCTION INC. f/k/a HEMISPHERE GPS, INC., a/k/a AGJUNCTION LLC f/k/a HEMISPHERE GPS LLC, | ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |
| AGJUNCTION f/k/a HEMISPHERE, a/k/a AGJUNCTION INC. f/k/a HEMISPHERE GPS, INC., a/k/a AGJUNCTION LLC f/k/a HEMISPHERE GPS LLC, | ) ) ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| HEMISPHERE GNSS (USA) INC., a Delaware corporation, | ) ) ) | |
| Third-Party Defendant. | ) ) | |

Reinke Manufacturing Co., Inc., brings this action against Elecsys Corporation and AgJunction generally alleging that AgJunction supplied defective global positioning system ("GPS") units to Elecsys, which placed the units in "Blue Box Assemblies" and sold the assemblies to Reinke. Reinke then installed such assemblies

in its center-pivot irrigation systems. Reinke alleges that shortly after it began using the Blue Box Assemblies, it began receiving customer complaints, and Reinke was ultimately required to replace the defective products at the cost of $3,000,000. In turn, AgJunction sues Hemisphere GNSS (USA) Inc., ("HGNSS") for supplying the defective GPS products to AgJunction that resulted in Reinke's lawsuit against AgJunction. As against HGNSS, AgJunction asserts claims for breach of contract, contractual indemnity, and common-law indemnity or contribution. (Filing No. 95, Amended Third-Party Complaint.) Contrary to HGNSS counsel's statement that AgJunction "does not specifically cite any allegations in the [Amended Third-Party Complaint] that are pled in the alternative" (Filing No. 108 at CM/ECF p. 8), AgJunction's Amended Third-Party Complaint expressly alleges its equitable indemnity and contribution claim "[a]lternatively." (Filing No. 95 at CM/ECF p. 9.)

In what has resulted in 361 pages of briefing and evidence[1] in support and opposition, HGNSS moves to dismiss AgJunction's claim for common-law or equitable indemnity or contribution pursuant to Fed. R. Civ. P. 12(b)(6). (Filing No. 99.)

When confronted with a Rule 12(b)(6) motion, all the factual allegations contained in the complaint are accepted as true, and the complaint is reviewed to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). If the complaint does not state "enough facts to state a claim to relief that is plausible on its face," it must be dismissed for failure to state a claim. *Id*. at 570. The plaintiffs must state enough facts

---

[1]The court has not relied on any of this evidence in reaching its decision. In any event, on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), I may consider the contracts upon which the Plaintiff's and Third-Party Plaintiff's claims rest because they are "embraced by the pleadings" and not considered "matters outside the pleadings" for purposes of Fed. R. Civ. P. 12(d). *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014).

to "nudge[] their claims across the line from conceivable to plausible." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation and citation omitted).

The basis for HGNSS's Rule 12(b)(6) motion is that when parties have expressly contracted regarding the duty to indemnify, "the independent doctrines of equitable indemnity or contribution" are inapplicable. Therefore, HGNSS argues, AgJunction's claims for equitable indemnity and contribution must be dismissed because the parties have a written agreement that defines HGNSS's duty to indemnify AgJunction. (Filing No. 99, Motion to Dismiss, at CM/ECF p. 2.)

There is a difference between pleading and actual recovery. While the state law applicable to AgJunction's claims against HGNSS might preclude simultaneous *recovery* under both contractual and equitable theories of indemnity, the Federal Rules of Civil Procedure[2] explicitly provide that *pleadings* "may include relief in the alternative" and allow parties to "set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones" and "state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(a) & (d) (Westlaw 2018). *See Fastrich v. Cont'l Gen. Ins. Co.*, No. 8:16CV487, 2017 WL 3610535, at *8 (D. Neb. Aug. 21, 2017) ("the right to plead and argue in the alternative is a matter of procedure and, as such, is governed by federal law"; denying motion to dismiss quasi-contract claim when pled alternatively to express contract claim (internal quotations and citations omitted)); *J & J Sports Prods., Inc. v. Argueta*, 224 F. Supp. 3d 700, 702 (W.D. Ark. 2016) (while plaintiff could recover under only one of two mutually exclusive federal statutes, plaintiff was permitted to plead two

---

[2]In suits based on diversity jurisdiction, federal courts apply federal law to matters of procedure. *Archer v. Pavement Specialist, Inc.*, 278 F.3d 845, 847 (8th Cir. 2002).

alternative theories of liability under Fed. R. Civ. P. 8); *Wines, Vines & Corks, LLC v. First Nat'l of Nebraska, Inc.*, No. 8:14CV82, 2014 WL 12665802, at *4 (D. Neb. Aug. 20, 2014) ("A plaintiff may plead alternative and inconsistent legal causes of action arising out of the same facts." (citing Fed. R. Civ. P. 8(d)(2) & 8(d)(3))); *Superior Edge, Inc. v. Monsanto Co.*, 44 F. Supp. 3d 890, 900 (D. Minn. 2014) (while state law prevented recovery under both express contract and quasi-contract claims, Fed. R. Civ. P. 8(a) and (d) allows parties to plead alternative theories of relief, regardless of consistency; to recover under quasi-contract theory, plaintiff will need to prove damages outside scope of contract, but "it is not required to do so at this motion to dismiss stage"); *Kehrer Bros. Constr., Inc. v. Intercoastal Roofing Sols., LLC*, No. 3:13-CV-0085-JAJ, 2013 WL 11740243, at *2 (S.D. Iowa Dec. 19, 2013) (unpublished) (denying motion to dismiss alternative theory of recovery, holding that plaintiff was allowed to plead equitable theories in the alternative to express contract claim because Fed. R. Civ. P. 8(d) "allows a plaintiff to plead alternative theories of recovery even if they are inconsistent with each other"; emphasizing "there is an important distinction between pleading and recovery"); *Kinetic Co. v. Medtronic, Inc.*, 672 F. Supp. 2d 933, 948 (D. Minn. 2009) (Fed. R. Civ. P. 8 allows plaintiff to plead inconsistent facts in support of alternative theories of recovery; "At a later stage it may be necessary for plaintiff to elect a theory, but at the pleading stage it is not." (citing *Babcock & Wilcox Co. v. Parsons Corp.*, 430 F.2d 531, 536 (8th Cir. 1970))).

Resolution of a contractual indemnity claim hinges upon application of the language of the indemnity agreement to the claim, including determining whether the court must interpret the contractual indemnity language due to ambiguity, whether the indemnity language is enforceable, and whether the claim and alleged damages fall within the scope of the indemnity provision. Scott M. Seaman & Jason R. Schulze, Allocation of Losses in Complex Insurance Coverage Claims § 16:4 (Dec. 2017 Update). These are not matters to be taken up at the pleading stage when parties are entitled to cover their bases by pleading alternative theories of recovery under Fed. R.

Civ. P. 8(a) and (d).[3]

Accordingly, HGNSS's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing No. 99) will be denied.

IT IS ORDERED that HGNSS's Motion to Dismiss AgJunction's third claim for relief for equitable indemnity and contribution pursuant to Fed. R. Civ. P. 12(b)(6) (Filing No. 99) is denied without prejudice to reassertion in a properly supported motion for summary judgment.

DATED this 20th day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[3]HGNSS cites several cases in support of its argument that the existence of an express indemnity agreement precludes a claim for implied indemnity and contribution. (Filing No. 108 at CM/ECF p. 15.) However, out of the six United States cases HGNSS cites for this proposition, five of them are distinguishable because they did not involve motions to dismiss, but rather motions for summary judgment, an appeal after a bench trial, and an appeal from what the court described as a "trial" on depositions, documents, and trial briefs. As stated above, HGNSS may be correct that the plaintiff can only *recover* under one theory (which would have been the issue in the five cases at the motion for summary judgment and trial stages), but the issue here is whether a claim under an express indemnity agreement can be *pled* alongside a claim for equitable indemnity and contribution.